# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**HILLCREST ESTATES, LLC**                                                                                 **PLAINTIFF**

**V.**                                                                               **CIVIL ACTION NO. 3:08-CV-107-SA-SAA**

**NATIONWIDE MUTUAL INSURANCE**
**COMPANY**                                                                                     **DEFENDANT**

## ORDER

The Plaintiff has appealed an order of the Magistrate Judge which granted Defendant's motion to compel and assessed sanctions against Plaintiff for the Defendant's reasonable costs, including attorney's fees, in bringing the motion and in preparing for a scheduled non-binding mediation that was cancelled due to Plaintiff's failure to respond to Defendant's discovery requests. The Magistrate Judge's order is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2008, the Magistrate Judge entered the Case Management Order for this case and scheduled a non-binding mediation for February 19, 2009.

On December 19, 2008, the Defendant propounded its discovery requests to the Plaintiff. On January 22, 2009, having not yet received a response to the discovery requests, Defendant's counsel sent a good faith letter to Plaintiff's counsel, notifying him that Plaintiff's response to discovery requests were due on or before January 22, 2009. Plaintiff's counsel did not respond.

On February 4, 2009, the Defendant filed a motion to compel the Plaintiff's response to its discovery. The Defendant attached copies of the good faith letter and unsigned good faith certificate, as well as an affidavit attesting to counsel's attempts to receive discovery responses from the Plaintiff, complying with the requirements of Rule 37.

On February 11, 2009, Plaintiff filed a response to the Defendant's motion to compel, combined with a motion for additional time to respond to Defendant's discovery requests. The Magistrate Judge entered an order on February 17, 2009, granting the motion to compel, cancelling the scheduled mediation, setting a new discovery response deadline, and ordering that the Plaintiff pay the Defendant's reasonable expenses, including but not limited to attorney's fees, incurred in filing the motion and preparing for the delayed mediation.

On February 20, 2009, the Plaintiff filed its Notice of Appeal of the Magistrate Judge's order of February 17, 2009. Plaintiff argues that the Magistrate Judge committed error in ruling that sanctions were mandatory for assessment against the losing party upon the grant of a Motion to Compel under Rule 37. Plaintiff further argues that his failure to respond to the discovery requests was substantially justified and that the imposition of sanctions is unjust in this situation.

As justification for Plaintiff's failure to respond to Defendant's discovery responses, Plaintiff's counsel offers the following: 1) Defendant propounded its discovery requests on the day after the Case Management Conference; 2) during the period of time for Plaintiff's response, Defendant filed a motion for partial summary judgment which, including the supporting exhibits, totaled 517 pages; 3) the holidays of Christmas and New Year's Day fell within the period of time for Plaintiff's response; and 4) Plaintiff's counsel had much work to be done in this case and other cases, including depositions and trial commitments.

## II. DISCUSSION

This Court has the authority to designate Magistrate Judges to hear and determine non-dispositive discovery matters. 28 U.S.C. § 636(b)(1)(A). The standing order of this Court is that Magistrate Judges shall hear and determine pretrial procedural and discovery motions not listed as

an exception in 28 U.S.C. § 636(b)(1)(A). N.D. Miss. Standing Order dated Sep. 17, 1998, *available at* http://www.msnd.uscourts.gov/documents/stdgordr.pdf. This Court shall not vacate a Magistrate Judge's order unless her "findings of fact are clearly erroneous" or her "ruling is clearly erroneous or contrary to law." UNIF. LOC. R. 72.1(A)(2); *see also* 28 U.S.C. § 636(b)(1)(A). "When reviewing a non-dispositive order issued by a Magistrate Judge... this court gives substantial deference to the findings of the Magistrate Judge." Grand Oaks, Inc. v. Anderson, 1997 U.S. Dist. LEXIS 14864, *2-*3 (N.D. Miss. Sep. 12, 1997).

There are two issues before the Court: whether the Magistrate Judge's award of expenses and fees for Defendant's cost in bringing the motion to compel was clearly erroneous or contrary to law; and whether the Magistrate Judge's award of expenses and fees for Defendant's cost in preparing for the mediation was clearly erroneous or contrary to law.

*A. Costs of Motion to Compel*

Parties may seek discovery at any point after the parties have conferred as required by Rule 26(f).[1] FED. R. CIV. P. 26(d)(1). Once interrogatories and requests for production have been propounded upon a party, he has thirty (30) days to respond. FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). If a party fails to respond to discovery requests, the propounding party may file a motion to compel, provided that the movant certifies that he has, in good faith, conferred or attempted to confer with the party failing to respond. FED. R. CIV. P. 37(a)(1).

If the motion to compel is granted or the requested discovery is provided after the motion to compel is filed, "the court *must*, after giving an opportunity to be heard, require the party... whose

---

[1] The Court will assume that the parties conferred - as required to do by the Rules of Civil Procedure - at least twenty-one (21) days before the case management conference. *See* FED. R. CIV. P. 26(f)(1).

3

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added). The court must not order payment if 1) the movant did not, in fact, attempt in good faith to obtain the requested discovery responses without court action; 2) the failure to respond was substantially justified; or 3) any other circumstance makes the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

The Plaintiff's argument that the Magistrate Judge committed error in ruling that the assessment of expenses and fees Defendant incurred in bringing the motion to compel was mandatory is without merit. Rule 37 clearly states that, upon granting a motion to compel, the court *must* require the uncooperative party to pay the movant's reasonable expenses and fees in bringing the motion. FED. R. CIV. P. 37(a)(5)(A). Before the court can require payment, though, the uncooperative party must be given an opportunity to be heard. The Court may consider such questions on written submissions, as well as oral hearings. FED. R. CIV. P. 37, advisory committee's note. Therefore, in this case, the Rules require that the Magistrate Judge assess sanctions against the Plaintiff, Plaintiff's counsel, or both, unless the Plaintiff's failure to cooperate with discovery was substantially justified or any other circumstance exists which would make the award unjust.

The Magistrate Judge implicitly held that the Plaintiff was not substantially justified in its failure to respond to Defendant's discovery responses and that there were no other circumstances making the assessment of sanctions unjust. This Court can find no way in which this ruling was clearly erroneous or contrary to law. The undisputed facts show that the Plaintiff is the only party who has run afoul of the Rules, by not providing responses to Defendant's discovery requests and not responding to Defendant's good faith correspondence. The Magistrate Judge's award of

4

reasonable costs and fees for bringing the motion to compel is affirmed.

## B. Costs of Preparing for Mediation

Rule 37(a)(5)(A) mandates that the reasonable expenses, including attorney's fees, that a movant incurs in bringing a motion to compel be paid if the motion is granted, except in a few circumstances inapplicable to this situation. FED. R. CIV. P. 37(a)(5)(A). However, Rule 37(a) does not address other expenses incurred by the movant due to the uncooperative party's failure to respond to discovery requests.

Rule 37(d) is applicable to this situation, though. It provides that the Court may, on motion, order sanctions for a party's failure to respond to interrogatories or requests for inspection. FED. R. CIV. P. 37(d)(1)(A)(ii). The sanctions may include payment of the propounding party's reasonable expenses, including attorney's fees, caused by the failure, except if the failure to respond is substantially justified or the assessment of sanctions would be unjust. FED. R. CIV. P. 37(d)(3).

For the same reasons stated above, the Court can not find that the Magistrate Judge's order that the Plaintiff pay Defendant's reasonable expenses, including attorney's fees, was clearly erroneous or contrary to law. Therefore, the Magistrate Judge's award of reasonable expenses for Defendant's preparation for the delayed mediation is affirmed.

The Magistrate Judge's Order of February 17, 2009, is **AFFIRMED**. So ordered this the 6th day of March, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**